UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| RONALD RIVIERE (A024714501) | CIVIL ACTION NO. 6:12-cv-00769 SECTION "P" |
| VERSUS | JUDGE DOHERTY |
| ERIC HOLDER, JR., JANET NAPOLITANO, MARC MOORE, AND DEPARTMENT OF HOMELAND SECURITY | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Pending before this Court is the respondents' motion to dismiss the *habeas corpus* petition filed by Ronald Riviere.  (Rec. Doc. 5).  This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be GRANTED.

## ANALYSIS

On March 23, 2012,[1] Ronald Riviere initiated this lawsuit, filing a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241.  (Rec. Doc. 1).

---

[1]    Riviere signed the verification attached to his petition on March 18, 2012, and the petition was filed in the suit record on March 23, 2012.  (Rec. Doc. 1 at 11).  Between those two dates, on March 20, 2012, Riviere was removed from the United States.  (Rec. Doc. 5-2).

In his petition, Riviere alleges that he was a native and citizen of the Bahamas, having been born there of parents who were from Haiti but having been brought to the United States before he was a year old(Rec. Doc. 1-2 at 4), that he was detained at the South Louisiana Correction Center in Basile, Louisiana (Rec. Doc. 1 at 2), and that he had been in the custody of the United States Immigration and Customs Enforcement ("ICE") since September 20, 20110 (Rec. Doc. 1 at 2).  He also alleges that he was ordered removed from the United States on September 24, 1996.  (Rec. Doc. 1 at 6).

Riviere argues that, under *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001), six months is the presumptively reasonable time period during which ICE may detain an alien in order to effectuate his removal.  He further argues that the presumptively reasonable time period has elapsed.  Riviere argues that his continued detention beyond the presumptively reasonable six month time period constitutes a statutory violation, a substantive due process violation, and a procedural due process violation. Riviere prays that a writ of *habeas corpus* be issued directing that he be released from custody.

On July 25, 2012, the government filed a motion to dismiss Riviere's petition (Rec. Doc. 5), advising that Riviere had already been released from ICE custody and removed from the United States.  (Rec. Doc. 5-2).

-2-

Under 28 U.S.C. § 2241, federal courts have jurisdiction to issue writs of *habeas corpus* to persons "in custody in violation of the Constitution or laws or treaties of the United States . . . ."  Riviere was detained when his petition was verified and, therefore, the "in custody" requirement for *habeas* review was satisfied. Shortly afterward, however, Riviere was released from custody.  (Rec. Doc. 15-2). Riviere's release from ICE detention rendered his petition for a writ of *habeas corpus* moot.

Accordingly, the undersigned finds that Riviere is no longer in ICE custody.

Therefore, the undersigned recommends that the government's motion to dismiss (Rec. Doc. 5) be GRANTED, and that Riviere's petition for writ of *habeas corpus* (Rec. Doc. 1) be DISMISSED WITHOUT PREJUDICE as moot.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this report and recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this report and recommendation within

-3-

fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 14th day of August 2012.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE